### No. 3957.

### CITY OF NEW ORLEANS *v.* J. STRAUSS. E. MERLE and J. CHAPUS, Warrantors.

Where a certificate of indebtedness with the date and number wanting, was stolen, while being prepared for issuance, before it was issued and put in the market by the city of New Orleans, and after the date and number had been subsequently forged, was sold to the defendant, who called his vendor in warranty;

Held—That this instrument can not be classed as negotiable paper upon which the maker is bound to innocent holders. It is transferable, it is true, but the transferree obtains only the rights of the transferrer.

In this case the transferrers and warrantors had no legal possession of the certificate of indebtedness of which the city of New Orleans never ceased to be the owner.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. George S. Lacey,* City Attorney, for plaintiff and appellee. *C. Roselius & Alfred Philips,* for defendant and appellant. *Hays & New,* for warrantors.

Justices present and concurring: Ludeling, Taliaferro, Howell and Kennard.

HOWELL, J. The city of New Orleans claims the sequestration and possession of a certain certificate of indebtedness in favor of J. Fallon or bearer for $775 65, found in the possession of the defendant, Strauss, and alleged to have been stolen in a state of incompleteness from the office of the Administrator of Public Accounts. The defendant answered that he purchased said certificate in due course of business from E. Merle and J. Chapus, and it being a negotiable instrument his title as an innocent third holder is good. He called his vendors in warranty, whose answers are substantially a general denial, Chapus specially denying any connection with the matter. From a judgment in favor of the city and one against the warrantors *in solido,* in favor of defendant, the parties cast have appealed.

The evidence satisfies us that the "certificate" was stolen from the office of the Administrator of Public Accounts, before it was in a state or form to be issued, and that the deficiencies were supplied before the sale to defendant on the same day of the theft. But we can not class this instrument as negotiable commercial paper, upon which the maker is bound to innocent third holders. It is transferable, it is true, but the transferree obtains only the rights of the transferrer. See the

case of the State ex rel. S. Smith & Co. *v.* James Graham, Auditor, recently decided. Strauss obtained no title, and the city was correctly held to be the owner.

We concur in the opinion of the judge *a quo* that the warrantors have not shown a legal possession of the certificate, and that they must be condemned to pay to Strauss the amount paid by him to them for the certificate.

Judgment affirmed.

Rehearing refused.